SUMMARY ORDER

Guang Chen-Jiang, a native and citizen of the People’s Republic of China, seeks review of a July 31, 2008 order of the BIA affirming the September 16, 2005 decision of Immigration Judge (“IJ”) Phillip L. Mo-race, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Guang Cheng-Jiang, No. A098 712 330 (B.I.A. Jul. 31, 2008), aff'g No. A098 712 330 (Immig. Ct. N.Y. City Sep. 16, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the Agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Muka-sey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the IJ’s adverse credibility determination contained error. The IJ’s credibility finding was neither based on inconsistencies in Chen-Jiang’s testimony nor his demeanor, but rather was premised entirely on perceived implausibilities in his account. The two alleged implausibilities were (1) that ChenJian would take risks for Falun Gong and yet know so little about it; and (2) that the authorities would have released ChenJiang after his second arrest based only upon his promise to turn in his friend who was active in Falun Gong. While the IJ may base a credibility finding on the “ ‘inherent plausibility of the applicant’s ... account’ of persecution”, see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 168 (2d Cir.2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (alternations in original), we have doubts as to whether the claimed implausibilities in the instant case are sufficiently “tethered to the evidentiary record”, Siewe v. Gonzales, 480 F.3d 160, 169 (2d Cir.2007), to justify an adverse credibility finding.
The second asserted implausibility is based on speculation. As a general matter, it is not obviously implausible that an individual who cooperates with the State would receive lenient treatment. More importantly, there is no evidence that indicates what China does to encourage individuals to aid it in catching and prosecuting those it deems most dangerous. Our cases have treated this kind of speculation about behavior in other countries as unacceptable. See, e.g., Baba v. Holder, 569 F.3d 79, 86-87 (2d Cir.2009) (finding erroneous IJ’s determination that petitioner did not have well-founded fear of persecution where finding was premised on IJ’s speculations about changed political circumstances in petitioner’s country of nationality); Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 405 (2d Cir.2005) (holding that “absent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices”).
The first alleged implausibility based on Chen-Jiang’s unfamiliarity with Falun Gong practices is also problematic. We have held that a certain level of doctrinal knowledge is not a prerequisite for asylum on religious persecution grounds. “Both history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion’s doctrinal tenets, and that those same people can be persecuted for their religious affiliation.” Rizal v. Gonzales, 442 F.3d *569 84, 90 (2d Cir.2006). And the same seems likely true as to taking risks for one’s beliefs. In any event, even if the IJ could find some implausibility in this aspect of Chen-Jiang’s account, we are not confident that the Agency would deem this ground independently sufficient to support a finding that Chen-Jiang lacked credibility.
When an IJ’s decision contains error, we will not remand if (1) there is substantial evidence in the record that supports the IJ’s credibility finding, and (2) we can state with confidence that the IJ, disregarding those aspects of his reasoning that were erroneous, would adhere to his decision were the petition remanded. See Singh v. B.I.A., 438 F.3d 145, 147-48 (2d Cir.2006) (per curiam). Here, we have doubts about whether there is such substantial evidence and we certainly cannot state with confidence that the IJ would adhere to his decision without relying on the alleged implausibility regarding Chinese prosecutorial practices. Accordingly, we are not able to say that remand would be futile.
We grant Chen-Jiang’s petition for review and remand to the BIA for further proceedings consistent with this order.